# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARPENTERS LABOR-<br>MANAGEMENT PENSION FUND,<br>101 Constitution Avenue, N.W.<br>Washington, D.C. 20001, | ) ) ) ) ) | |
| and | ) ) | Case No.: 1:07-cv-00337-RBW |
| DOUGLAS MCCARRON, RICHARD<br>ARISPE, ALAN CHIL'COTE, AS<br>Trustees of the CARPENTERS LABOR-<br>MANAGEMENT PENSION FUND,<br>101 Constitution Avenue, N.W.<br>Washington, D.C. 20001 | ) ) ) ) ) ) | Honorable District Judge Reggie<br>B. Walton<br><br>Labor/ERISA (non employment)<br><br>Date Stamp: 2/13/2007 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| KM BUILDING COMPANY of<br>Minneapolis Inc., a Minnesota corporation,<br>doing business as KM BUILDING<br>COMPANY, 801 Second Avenue North<br>Minneapolis, Minnesota<br>A Minnesota Corporation | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant KM Building Company as and for its Answer and Affirmative Defenses to the

Complaint filed by Plaintiffs Carpenters Labor-Management Pension Fund ("Pension Fund"),

and Douglas McCarron, Richard Arispe, and Alan Chil'coté ("Trustees"), in their capacities as

fiduciaries with respect to the Pension Fund, states and alleges as follows:

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

## JURISDICTION

**COMPLAINT ¶ 1:**

      This action arises under Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.§ 1145, Section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and as a federal question under 28 U.S.C. § 1331. Pursuant to those provisions, and pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, jurisdiction over this action properly lies with this Court.

**ANSWER:** With respect to the allegations contained in Complaint Paragraph 1, Defendant admits that Plaintiffs purport to bring an action against Defendant pursuant to ERISA, Section 301 of the LMRA, and as a federal question under 28 U.S.C. § 1331. Defendant further admits this Court has jurisdiction over ERISA claims alleged in the Complaint pursuant to Section 502 of ERISA. Defendant, however, denies that Plaintiffs have stated a claim under either ERISA or the LMRA entitling them to any relief whatsoever. Defendant denies any remaining allegations contained in Complaint Paragraph 1.

**COMPLAINT ¶ 2:**

      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) as the Pension Fund is administered in the District of Columbia, and Article XIII, Section 13.5 of the Pension Fund's Trust Agreement provides that the District of Columbia shall be deemed the situs of the Pension Fund.

**ANSWER:** Upon information and belief, Defendant admits the Pension Fund is administered in the District of Columbia and that Section 13.5 of the Pension Fund's Trust Agreement provides that the District of Columbia shall be deemed the situs of the Pension Fund. The remaining allegations in Complaint Paragraph 2 call for legal conclusions to which no response is required.

DC:65438.1

## PARTIES AND RELATIONSHIPS

**COMPLAINT ¶ 3:**

Plaintiff Pension Fund is a multiemployer pension benefit plan within the meaning of Sections 3(2), 3(37), 402, and 403 of ERISA, 29 U.S.C. §§ 1002(2), 1002(37), 1102 and 1103.

**ANSWER:** Defendant states the allegations contained in Complaint Paragraph 3 call for legal conclusions to which no response is required.

**COMPLAINT ¶ 4:**

Plaintiff Trustees are Trustees of the Pension Fund, and are fiduciaries with respect to such Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

**ANSWER:** Defendant states the allegations contained in Complaint Paragraph 4 call for legal conclusions to which no response is required.

**COMPLAINT ¶ 5:**

In accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 402 and 403 of ERISA, 29 U.S.C. §§ 1102 and 1103, the Pension Fund was established and is maintained pursuant to the Agreement and declaration of Trust of the Carpenters Labor-Management Pension Fund (the "Trust Agreement"), originally made and entered into on September 22, 1971, and amended from time to time, to provide retirement benefits to eligible employees covered by collective bargaining agreements with local unions affiliated with the United Brotherhood of Carpenters and Joiners of America.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations contained in Complaint Paragraph 5 and therefore denies each and every allegation contained in Complaint Paragraph 5.

DC:65438.1

**COMPLAINT ¶ 6:**

The Trustees and the Pension Fund bring this action, in their respective capacities, under ERISA Sections 502(a)(3), 502(d)(1), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), 1132(d)(1), 1132(g)(2), and 1145.

**ANSWER:**    With respect to the allegations contained in Complaint Paragraph 6, Defendant admits that Plaintiffs purport to bring claims under ERISA as alleged, but deny that Plaintiffs have stated a claim under ERISA entitling them to any relief whatsoever against Defendant. Defendant denies any remaining allegations contained in Complaint Paragraph 6.

**COMPLAINT ¶ 7:**

Upon information and belief, Defendant KM Building Company of Minneapolis Inc., a Minnesota corporation, doing business as KM Building Company, is a for-profit corporation, incorporated under the laws of Minnesota, and doing business in the State of Minnesota, and has a principal place of business at 801 Second Avenue North, Minneapolis, Minnesota.

**ANSWER:**  Defendant admits the allegations contained in Complaint Paragraph 7.

**COMPLAINT ¶ 8:**

Defendant is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and engaged in the carpentry trade, and is therefore in an industry affecting commerce within the meaning of Section 3(12) of ERISA, 29 U.S.C. §1002(12).

**ANSWER:** Defendant states the allegations contained in Complaint Paragraph 8 call for legal conclusions to which no response is required.

## ALLEGATIONS

**COMPLAINT ¶ 9:**

Defendant entered into a Collective Bargaining Agreement (the "CBA") with United Brotherhood of Carpenters and Joiners of America, Local Union 1865 on August 6, 1998.

**ANSWER:** Defendant admits that, although it entered into a CBA with the United Brotherhood of Carpenters and Joiners of America, Local Union 1865 (Local 1865) on or about August 6, 1998, Defendant ceased any obligations to Local 1865 and Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004. Moreover, Defendant affirmatively states that, pursuant to the sale of its millwork operation to Vertwood Companies, it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865. Defendant denies every remaining allegation contained in Complaint Paragraph 9.

**COMPLAINT ¶ 10:**

Upon information and belief, Defendant has assumed certain reporting and contribution obligations relating to the CBA.

**ANSWER:** In response to the allegations contained in Complaint Paragraph 10, Defendant asserts that it ceased any obligations to Local 1865 and Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004. Moreover, Defendant affirmatively states that, pursuant to the sale of its millwork operation to Vertwood Companies, it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865. Defendant denies every remaining allegation contained in Complaint Paragraph 10.

**COMPLAINT ¶ 11:**

The CBA sets forth the rate at which Defendant agrees to make contributions to the Pension Fund on behalf of its employees.

**ANSWER:** In response to the allegations contained in Complaint Paragraph 11, Defendant asserts that it ceased any obligations to Local 1865 and Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004. Moreover, Defendant affirmatively

5

states that, pursuant to the sale of its millwork operation to Vertwood Companies, it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865. Defendant denies every remaining allegation contained in Complaint Paragraph 11.


**COMPLAINT ¶ 12:**

Pursuant to the CBA, Defendant agrees to be bound by the Pension Fund's Trust Agreement and all procedures established pursuant to the Trust Agreement.

**ANSWER:** In response to the allegations contained in Complaint Paragraph 12, Defendant asserts that it ceased any obligations to Local 1865 and Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004. Moreover, Defendant affirmatively states that, pursuant to the sale of its millwork operation to Vertwood Companies, it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865. Defendant denies every remaining allegation contained in Complaint Paragraph 12.


**COMPLAINT ¶ 13:**

Article V of the Trust Agreement sets forth the contribution obligations of participating Employers.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as the truth of the allegations set forth in Complaint Paragraph 13, and therefore denies the same. To the extent a response is otherwise required, Defendant states that the Trust Agreement speaks for itself. Defendant affirmatively states, however, that because it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865, the Trust Agreement in no way applies to Defendant.

DC:65438.1

**COMPLAINT ¶ 14:**

Article V, Section 5.1 of the Trust Agreement requires an Employer, such as Defendant, to contribute to the Pension Fund the amount set forth in the applicable CBA.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as the truth of the allegations set forth in Complaint Paragraph 14, and therefore denies the same. To the extent a response is otherwise required, Defendant states that the Trust Agreement speaks for itself. Defendant affirmatively states, however, that because it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865, the Trust Agreement in no way applies to Defendant.

**COMPLAINT ¶ 15:**

Article V, Section 5.5 of the Trust Agreement requires an Employer to submit Employer's Monthly Report ("Reports") on contributions to the Pension Fund, and states that "[t]he Trustees may at any time have an audit made of the payroll and wage records of any Employer in connection with said contributions and/or reports."

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations set forth in Complaint Paragraph 15, and therefore denies the same. To the extent a response is otherwise required, Defendant states that the Trust Agreement speaks for itself. Defendant affirmatively states, however, that because it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865, the Trust Agreement in no way applies to Defendant.

**COMPLAINT ¶ 16:**

Article V, Section 5.4 of the Trust Agreement provides that the Trustees may require an Employer that defaults in payment of any required contributions for thirty working days to pay a reasonable rate of interest, to be set by the Trustees, from the date the payment was due to the date the payment is made, and to pay such liquidated damages as the Trustees may set, together with all expenses incurred by the Trustees in collecting the unpaid contributions.

DC:65438.1

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations set forth in Complaint Paragraph 16, and therefore denies the same. To the extent a response is otherwise required, Defendant states that the Trust Agreement speaks for itself. Defendant affirmatively states, however, that because it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865, the Trust Agreement in no way applies to Defendant.

**COMPLAINT ¶ 17:**

As authorized by Article V of the Trust Agreement, the Trustees have adopted certain procedures to monitor and enforce the reporting and contribution requirements of the CBA and the Trust Agreement (the "Collection Procedures").

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations set forth in Complaint Paragraph 17, and therefore denies the same. To the extent a response is otherwise required, Defendant states that any purported document containing collection procedures adopted by Plaintiffs would speak for itself. Defendant affirmatively states, however, that because it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865, neither the Trust Agreement nor any purported collection procedures apply to Defendant.

**COMPLAINT ¶ 18:**

Article III, paragraph (a) of the Collection Procedures provides that an Employer shall be considered delinquent if the Employer's Reports or contributions are not received by the Pension Fund by the first business day on or after the fifteenth day of the month, following the month in which the relevant hours were worked.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations set forth in Complaint Paragraph 18, and therefore denies the same. To the extent a

response is otherwise required, Defendant states that any purported document containing collection procedures adopted by Plaintiffs would speak for itself. Defendant affirmatively states, however, that because it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865, neither the Trust Agreement nor any purported collection procedures apply to Defendant.


**COMPLAINT ¶ 19:**

Article III, paragraph (c)(1) of the Collection Procedures specifies that the interest rate assessed by the Trustees on delinquent contributions shall be 1.5 percent per month.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations set forth in Complaint Paragraph 19, and therefore denies the same. To the extent a response is otherwise required, Defendant states that any purported document containing collection procedures adopted by Plaintiffs would speak for itself. Defendant affirmatively states, however, that because it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865, neither the Trust Agreement nor any purported collection procedures apply to Defendant.


**COMPLAINT ¶ 20:**

Article III, paragraph (c)(4) of the Collection Procedures specifies that if legal action is taken against a delinquent Employer to collect delinquent contributions, the delinquent Employer shall be charged liquidated damages, audit fees, attorneys' fees, and costs incurred by the Pension Fund.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations set forth in Complaint Paragraph 20, and therefore denies the same. To the extent a response is otherwise required, Defendant states that any purported document containing collection procedures adopted by Plaintiffs would speak for itself. Defendant affirmatively

DC:65438.1

states, however, that because it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865, neither the Trust Agreement nor any purported collection procedures apply to Defendant.


**COMPLAINT ¶ 21:**

Article III, paragraph (c)(3) of the Collection Procedures specifies that liquidated damages shall equal the greater of $750, or 20 percent of the delinquent contributions.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations set forth in Complaint Paragraph 21, and therefore denies the same. To the extent a response is otherwise required, Defendant states that any purported document containing collection procedures adopted by Plaintiffs would speak for itself. Defendant affirmatively states, however, that because it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865, neither the Trust Agreement nor any purported collection procedures apply to Defendant.


**COMPLAINT ¶ 22:**

Article IV, paragraph (a) of the Collection Procedures provides that it is the policy of the Trustees to audit Employers to determine whether the Employers have satisfied their reporting and contribution obligations to the Pension Fund.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations set forth in Complaint Paragraph 22, and therefore denies the same. To the extent a response is otherwise required, Defendant states that any purported document containing collection procedures adopted by Plaintiffs would speak for itself. Defendant affirmatively states, however, that because it no longer employs any employees subject to the terms of a

DC:65438.1

collective bargaining agreement with Local Union 1865, neither the Trust Agreement nor any purported collection procedures apply to Defendant.

**COMPLAINT ¶ 23:**

Article IV, paragraph (e)(2) of the Collection Procedures specifies that if payment of delinquent contributions and interest is not made within thirty days of notification thereof, the costs of an audit will be charged to the Employer.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations set forth in Complaint Paragraph 23, and therefore denies the same. To the extent a response is otherwise required, Defendant states that any purported document containing collection procedures adopted by Plaintiffs would speak for itself. Defendant affirmatively states, however, that because it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865, neither the Trust Agreement nor any purported collection procedures apply to Defendant.

## FIRST CLAIM FOR DELINQUENT CONTRIBUTIONS
## AND OTHER RELIEF

**COMPLAINT ¶ 24:**

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 23 as if stated in full.

**ANSWER:** Defendant hereby restates and incorporates by reference its answers to each and every allegation contained in Complaint Paragraphs 1 through 23, as if stated in full.

**COMPLAINT ¶ 25:**

Defendant failed to properly report and make contributions pursuant to the terms of the CBA and Trust Agreement.

11

**ANSWER:** Defendant denies the allegations contained in Complaint Paragraph 25. Defendant affirmatively asserts that it ceased any obligations to Local 1865 and Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004. Moreover, Defendant affirmatively states that, pursuant to the sale of its millwork operation to Vertwood Companies, it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865.

**COMPLAINT ¶ 26:**

Commencing August 2004, a company that identified itself as Vertwood Companies, LLC commenced submitting and paying Reports to the Pension Fund.

**ANSWER:** In response to Complaint Paragraph 26, Defendant affirmatively asserts that it sold its millwork operation to Vertwood Companies in 2004, and that, pursuant to the sale to Vertwood Companies, it no longer employs any employees subject to the terms of a collective bargaining agreement with Local Union 1865. Upon information and belief, Defendant admits the allegations contained in Complaint Paragraph 26.

**COMPLAINT ¶ 27**

Vertwood Companies, LLC did not sign a separate collective bargaining agreement and instead used Defendant's collective bargaining agreement. Defendant allowed Vertwood Companies, LLC to use Defendant's agreement in order to report to the Pension Fund.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to whether Vertwood signed a separate collective bargaining agreement with Local 1865. Defendant affirmatively asserts, however, that it sold its millwork operation to Vertwood Companies in 2004. Moreover, pursuant to the sale to Vertwood Companies, Defendant no longer employed

DC:65438.1

any employees subject to the terms of a collective bargaining agreement with Local Union 1865.

Defendant denies every remaining allegation contained in Complaint Paragraph 27.

**COMPLAINT ¶ 28:**

On or about August 16, 2005, the auditing firm of Needles & Associates, LLC, on behalf of the Pension Fund, conducted an audit of the Vertwood Companies, LLC's books and records for the contribution period of August 2004 through July 2005.  The audit revealed current unpaid contributions in the amount of $14,256.00.

**ANSWER:** Defendant lacks specific information sufficient to form a belief as to the truth of the allegations contained in Complaint Paragraph 28, and therefore denies the same.

**COMPLAINT ¶ 29:**

On June 23, 2006, the Pension Fund through its counsel, issued a demand upon Defendant, demanding that the Defendant comply with its statutory and contractual obligations and remit the delinquent contributions, with accrued interest, as required under the CBA and Trust Agreement.

**ANSWER:** Defendant admits that on or about June 23, 2006, the Pension Fund issued a demand letter upon Defendant as alleged in Complaint Paragraph 29.  In further response to the allegations contained in Complaint Paragraph 29, Defendant affirmatively asserts that it ceased any obligations to Local 1865 and Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004.  Accordingly, Defendant denies it has failed to comply with any contractual or statutory obligations to Plaintiffs and further denies Plaintiffs are entitled to any recovery whatsoever from Defendant.  Defendant denies any remaining allegations in Complaint Paragraph 29.

**COMPLAINT ¶ 30:**

Defendant did not comply with the Pension Fund's demand letter.

DC:65438.1

**ANSWER:** Defendant admits it did not comply with any demand letter issued by the Pension Fund. In further response to the allegations contained in Complaint Paragraph 30, Defendant affirmatively asserts that it ceased any obligations to Local 1865 and Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004. Accordingly, Defendant denies it has failed to comply with any contractual or statutory obligations to Plaintiffs and further denies Plaintiffs are entitled to any recovery whatsoever from Defendant. Defendant denies any remaining allegations in Complaint Paragraph 30.

**COMPLAINT ¶ 31:**

Defendant did not comply with the Pension Fund's Counsel's demand letter.

**ANSWER:** Defendant admits it did not comply with any demand letter issued by the Pension Fund's counsel. In further response to the allegations contained in Complaint Paragraph 31, Defendant affirmatively asserts that it ceased any obligations to Local 1865 and Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004. Accordingly, Defendant denies it has failed to comply with any contractual or statutory obligations to Plaintiffs and further denies Plaintiffs are entitled to any recovery whatsoever from Defendant. Defendant denies any remaining allegations in Complaint Paragraph 31.

**COMPLAINT ¶ 32:**

To date, Defendant remains delinquent and has failed to pay any of the contributions deficiency, or any of the accrued interest, as required by the terms and conditions of the CBA and the Trust Agreement.

**ANSWER:** In response to the allegations contained in Complaint Paragraph 32, Defendant affirmatively asserts that it ceased any obligations to Local 1865 and Plaintiffs pursuant to the

DC:65438.1

CBA when it sold its millwork operation to Vertwood Companies in 2004.  Accordingly, Defendant denies the allegations contained in Complaint Paragraph 32.

**COMPLAINT ¶ 33:**

Defendant's failure to comply with its contribution obligations under the CBA and Trust Agreement has resulted in Defendant currently owing the Pension Fund the principal sum of $14,256.00.  In addition, interest is due on this amount.

**ANSWER:** In response to the allegations contained in Complaint Paragraph 33, Defendant affirmatively asserts that it ceased any obligations to Local 1865 and Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004.  Accordingly, Defendant denies the allegations contained in Complaint Paragraph 33.

**COMPLAINT ¶ 34:**

Defendant's delinquency has also resulted in Defendant owing the Pension Fund liquidated damages in the amount of $2,851.20, the cost of the audit in the amount of $1,127.27, and reasonable attorneys' fees and costs in brining this action to enforce the Pension Fund's rights.

**ANSWER:** In response to the allegations contained in Complaint Paragraph 34, Defendant affirmatively asserts that it ceased any obligations to Local 1865 and Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004.  Accordingly, Defendant denies the allegations contained in Complaint Paragraph 34.

**SECOND CLAIM FOR RELIEF**

**INJUNCTIVE  RELIEF**

**COMPLAINT ¶ 35:**

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 34 as if stated in full.

15

**ANSWER:** Defendant hereby restates and incorporates by reference its answers to each and every allegation contained in Complaint Paragraphs 1 through 34, as if stated in full.

**COMPLAINT ¶ 36:**

Plaintiffs allege as a Second Claim for Relief as to Defendant for injunctive relief.

**ANSWER:** Defendant admits that Plaintiffs allege as a Second Claim for Relief a claim for injunctive relief against Defendant.   Defendant, however, denies that Plaintiffs are entitled to injunctive relief and further denies Plaintiffs are entitled to any recovery whatsoever from Defendant.  Defendant denies any remaining allegations in Complaint Paragraph 36.

**COMPLAINT ¶ 37:**

ERISA Section 502(a) provides in part: "A civil action may be brought… (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan…"

**ANSWER:** In response to Complaint Paragraph 37, Defendant states that Section 502(a) of ERISA speaks for itself.   Defendant, however, denies that Plaintiffs have stated a claim under ERISA entitling them to any relief whatsoever.   Defendant denies any remaining allegations contained in Complaint Paragraph 37.

**COMPLAINT ¶ 38:**

Additionally, Section 515 of ERISA (29 U.S.C. § 1145), as amended provides "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

**ANSWER:** In response to Complaint Paragraph 38, Defendant states that Section 515 of ERISA speaks for itself.  Defendant, however, denies that Plaintiffs have stated a claim under ERISA

DC:65438.1

entitling them to any relief whatsoever.  Defendant denies any remaining allegations contained in

Complaint Paragraph 38.


**COMPLAINT ¶ 39:**

Defendant has failed to submit Reports and/or remit full contributions to the Pension Fund for the period of August 2004 through present, and may fail to furnish Reports or remit contributions to the Pension Fund for subsequent months.

**ANSWER:** Defendant denies the allegations contained in Complaint Paragraph 39.


**COMPLAINT ¶ 40:**

As a result of the Defendant's failure to pay contributions on the dates on which its contributions were due, Defendant has become indebted to the Pension Fund for contributions, liquidated damages, and interest.

**ANSWER:** Defendant denies the allegations contained in Complaint Paragraph 40.


**COMPLAINT ¶ 41:**

Defendant's failure to promptly pay its delinquencies to the Pension Fund on the dates on which such contributions were due is a violation of the Trust Agreement.

**ANSWER:** Defendant denies the allegations contained in Complaint Paragraph 41.


**COMPLAINT ¶ 42:**

Defendant's delinquencies to Plaintiffs has occurred from August 2004 and are continuing.

**ANSWER:** Defendant denies the allegations contained in Complaint Paragraph 42.


**COMPLAINT ¶ 43:**

Defendant will continue to refuse or fail to timely pay contributions to the Pension Fund and thereby create future unpaid delinquencies during the remaining terms of the CBA.  Unless

DC:65438.1

Defendant is enjoined from failing to make its contributions and restrained from incurring delinquencies, the Pension Fund will suffer irreparable injury for which there is no adequate remedy at law since, among other things, the Pension Fund will be required to bring a multiplicity of actions at law to recover the delinquencies as they occur, to the Pension Fund's great expense and hardship. Further, unless Defendant is so enjoined, based on experiences with other similarly situated employers, the Pension Fund has little prospect of ever collecting on the additional delinquencies incurred as such employers frequently petition for bankruptcy, dissolve or otherwise cease doing business as a result of the financial difficulties involved in their delinquencies, and the Pension Fund is unable thereafter to collect delinquencies thus owing.

**ANSWER:** Defendant denies the allegations contained in Complaint Paragraph 43.


## THIRD CLAIM FOR RELIEF
## TO CONDUCT AN AUDIT


**COMPLAINT ¶ 44:**

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 43 as if stated in full.

**ANSWER:** Defendant hereby restates and incorporates by reference its answers to each and every allegation contained in Complaint Paragraphs 1 through 43, as if stated in full.


**COMPLAINT ¶ 45:**

Plaintiffs allege as a Third Claim for Relief as to Defendant to conduct an Audit.

**ANSWER:**

Defendant admits that Plaintiffs allege as a Third Claim for Relief a claim to conduct an audit. Defendant, however, denies that Plaintiffs are entitled to conduct an audit and further denies Plaintiffs are entitled to any recovery whatsoever from Defendant. Defendant denies any remaining allegations in Complaint Paragraph 45.

18

**COMPLAINT ¶ 46:**

This action for specific performance arises and jurisdiction of the court is founded on Section 301 of the Labor-Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 185A), and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C.A § 1132).

**ANSWER:** Defendant states the allegations contained in Complaint Paragraph 46 call for legal conclusions to which no response is required.

**COMPLAINT ¶ 47:**

The Trust Agreement requires Defendant to permit the Pension Fund to audit and copy all Defendant's records to determine whether the Defendant has made the appropriate contributions to the Pension Fund.

**ANSWER:** In response to the allegations contained in Complaint Paragraph 47, Defendant affirmatively asserts that it ceased any obligations to Local 1865 and to Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004. Accordingly, Defendant denies the allegations contained in Complaint Paragraph 47.

**COMPLAINT ¶ 48:**

The Trust Agreement provides that the Pension Fund has the specific authority to examine Defendant's job cost records to determine whether they are in compliance with their obligations under the Trust Agreement.

**ANSWER:** In response to the allegations contained in Complaint Paragraph 48, Defendant affirmatively asserts that it ceased any obligations to Local 1865 and to Plaintiffs pursuant to the CBA when it sold its millwork operation to Vertwood Companies in 2004. Accordingly, Defendant denies the allegations contained in Complaint Paragraph 48.

Except as expressly admitted herein, Defendant denies each and every allegation contained in Plaintiffs' Complaint.

DC:65438.1

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.    Plaintiffs' claims are or may be barred, in whole or in part, by a failure to exhaust administrative remedies.

3.    Defendant, at all times relevant to this action, has acted in good faith toward Plaintiffs and has acted in compliance with applicable laws.

4.    Plaintiffs have failed to mitigate damages, if any.

5.    If Plaintiffs have been damaged as alleged, such damages were caused, aggravated, or contributed to by their own acts or omissions, by the acts or omissions of those other than Defendant over whom Defendant has no control, or otherwise by acts for which Defendant is not responsible.

6.    Plaintiffs' Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, or punitive damages against Defendant.

7.    Any actions or inaction on the part of Defendant do not constitute the requisite malice or reckless indifference to Plaintiffs' rights to support a claim of punitive damages.

8.    Plaintiffs' claims are or may be barred, in whole or in part, by the doctrines of unclean hands, accord and satisfaction, laches, waiver and estoppel.

9.    Plaintiffs' claims are or may be barred, in whole or in part, by the applicable statute of limitations.

10.    Any alleged promise or contractual right is barred by the statute of frauds or by failure of any offer, acceptance or consideration.

11.    Plaintiffs' claims may be barred, in whole or in part, by all other affirmative defenses available by the Federal Rules of Civil Procedure.  As discovery has not yet begun into

DC:65438.1

Plaintiffs' claims, Defendant incorporates by reference all such affirmative defenses. Defendant retains the right to amend this list of defenses as established by the facts of this case. Defendant will rely upon each and every defense that may become known during the course of this litigation, including discovery, trial or otherwise.

WHEREFORE, Defendant respectfully requests the Court enter judgment:

1.    Dismissing Plaintiffs' Complaint with prejudice and on the merits;

2.    Awarding Defendant its costs, including but not limited to, attorneys' fees incurred defending this action; and

3.    Any additional relief that the Court deems reasonable and appropriate.

Date:  April 3, 2007                     Respectfully Submitted,


                                         /s/ Jeffrey J. Sun_____

                                         Jeffrey J. Sun
                                         D.C. Bar No. 491274
                                         Ford & Harrison LLP
                                         1300 19th Street, N.W.
                                         Suite 700
                                         Washington, D.C. 20036
                                         Tel: (202) 719-2054
                                         Fax: (202) 719-2077
                                         E-mail: jsun@fordharrison.com

                                         John F. Bowen (will submit pro hac vice
                                         application)
                                         Ford & Harrison LLP
                                         225 South Sixth Street
                                         Minneapolis, Minnesota 55403
                                         Tel: (612) 486-1700
                                         Fax: (612) 486-1701
                                         E-mail: jbowen@fordharrison.com

DC:65438.1

Scott Lloyd Anderson (will submit pro hac vice
application)
Fabyanske, Westra & Hart
LaSalle Plaza, Suite 1900
800 LaSalle Ave
Minneapolis, MN 55402
Tel: (612) 338-0115

**ATTORNEYS FOR DEFENDANT KM
BUILDING COMPANY**

DC:65438.1

## CERTIFICATE OF SERVICE

The undersigned, Jeffrey J. Sun, hereby certifies that he served a copy of the foregoing

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT to the following counsel of

record via first-class mail on April 3, 2007:

Brian F. Quinn, Esq.
D.C. Bar No. 447619
DeCARLO, CONNOR & SHANLEY,
A Professional Corporation
101 Constitution Ave, N.W.
Tenth Floor
Washington, D.C. 20001
Tel: (202) 589-1151
Fax: (202) 589-0105
E-mail: bquinn@deconsel.com

Attorneys for Plaintiffs

/s/ _____
Jeffrey J. Sun